**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARTHUR JACKSON, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| C. SMITH, Fulton County Jail | : | |
| Detention Officer, | : | CIVIL ACTION NO. |
| Defendant. | : | 1:15-CV-3309-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Defendant's motion for summary judgment [33] and on matters contained in Plaintiff's deposition [35]. Plaintiff has not filed a response to the motion for summary judgment. Further, as discussed below, a review of Plaintiff's deposition has convinced the undersigned that this action should be dismissed based on Plaintiff's abuse of the judicial process.

**I.   Discussion**

Plaintiff filed this action[1] against C. Smith and was allowed to proceed on his allegations of a prolonged handcuffing, in an indoor/outdoor area for seven hours and without access to a toilet, which the Court stated may or may not succeed depending

---

[1]In his complaint, signed under penalty of perjury, Plaintiff responded "No" to the question on whether he had filed other lawsuits in federal court while incarcerated in any institution. (Compl. at 1, ECF No. 1).

on, among other things, the penological purpose of Smith's alleged actions.  (See Order of May 11, 2016, at 3-7, ECF No. 13).  In moving for summary judgment, Defendant has submitted a copy of Plaintiff's deposition.  (Dep. of Jackson, ECF No. 35).  Plaintiff states in his deposition that his given name is Arthur Creecy, Junior, and that Arthur Jackson is an alias.  (Id. at 4-5)  In response to a question on how many cases he had filed, Plaintiff states, "I've got about seven or eight that I've filed.  Every time somebody does an injustice to me, I will file.  No problem with that."  (Id. at 44).  Plaintiff then responds, "Yeah[,]" to the question, "So you've filed seven or eight cases in federal court that you can remember?"  (Id.).

At the time Plaintiff (proceeding as Arthur Jackson) filed this action, it did not appear that he had accrued more than two dismissals that qualified as strikes under 28 U.S.C. § 1915(g).[2]  See Jackson v. DeKalb Cty. Jail, No. 1:14-cv-2994-TWT (N.D. Ga. Apr. 16, 2015) (filed by Arthur Jackson, X0199836)[3] (dismissed for failure to state a

---

[2]Under the Prison Litigation Reform Act ("PLRA"), after a prisoner submits three actions or appeals that are dismissed as frivolous, malicious, or for failing to state a claim, that prisoner generally is barred from proceeding on a subsequent civil action or appeal unless the prisoner fully pays the required filing fee at the time of filing.  28 U.S.C. § 1915(g).

[3]Plaintiff's identification numbers include DeKalb County permanent identification number X0199836. Plaintiff in his deposition stated that he filed Jackson v. Evans, No. 1:12-cv-4005-TWT (N.D. Ga. Jan. 7, 2013) (filed by Arthur Jackson,

AO 72A
(Rev.8/82)

claim); Order of USCA, <u>Jackson v. Harps</u>, No. 1:96-cv-0495-MHS (N.D. Ga. Dec. 31, 1997) (filed by Arthur Jackson, 177385),[4] ECF No. 34 (finding appeal frivolous).

Based on Plaintiff's deposition testimony, the undersigned has conducted a further review of Court records, which show that Plaintiff had two additional qualifying dismissals before he filed this action – <u>Creecy v. Warden</u>, No. 1:10-cv-0096-TCB (N.D. Ga. Feb. 1, 2010) (filed by Arthur Creecy, Fulton County Booking No. 840617 and Fulton County identification number 824680)[5] (dismissed as frivolous); <u>Creecy v. Allen</u>, No. 1:06-cv-2987-TCB (N.D. Ga. June 4, 2007) (filed by Arthur Creecy, Jr., DeKalb County identification number X0199836) (dismissed as frivolous).

---

X0199836).  (<u>See</u> Dep. of Jackson at 40; Def. Ex. 3, ECF No. 35-2).

[4]Plaintiff's identification numbers include Georgia Department of Corrections (GDOC) identification number 225439, (<u>see</u> Second Aff., account statement, ECF No. 8), and GDOC EF number 177385, <u>see</u> www.dcor.state.ga.us/GDC/Offender/Query (follow "Search by ID or Case Number" hyperlink, GDC ID Number 225439) (last visited Dec. 7, 2017).

[5]<u>See</u> Resident Account Summary for Arthur Jackson Creecy, <u>Creecy</u>, No. 1:10-cv-0096-TCB, ECF No. 10.  Plaintiff's current filing shows that his identification numbers include Fulton County identification number 824680. (<u>See</u> Compl. at 1; Aff., ECF No. 2).

3

Accordingly, Plaintiff was subject to § 1915(g) at the time he filed the instant action.  Plaintiff did not inform the Court of his litigation history, and, in fact, affirmatively misrepresented that history in his complaint, which he signed under penalty of perjury.[6]  (See Compl. at 1).

A litigant abuses the judicial process, warranting dismissal of his action without prejudice, when he misrepresents his litigation history on a complaint form that specifically requires disclosure and signs the complaint under penalty of perjury.  See Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x. 221, 226 (11th Cir. 2011) ("The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment.  The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so."); see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) ("[W]e have explained that failure to comply with court rules requiring disclosures about a plaintiff's previous

---

[6]The Court previously did not pursue the matter of Plaintiff's misrepresentation when it appeared that he had no more than two strikes and when it was not apparent that the misrepresentation was necessarily deliberate or in bad faith.  However, it is now apparent that Plaintiff has four strikes, and, moreover, Plaintiff's deposition demonstrates that he was abundantly aware of his prior cases and that his misrepresentation was not an oversight.

4

litigation constitutes an abuse of the judicial process warranting dismissal."); Harris v. Warden, 498 F. App'x 962, 965 (11th Cir. 2012) (finding that the failure to "disclose any information regarding . . . prior cases" on form complaint that requires disclosure of prior complaints, "simply writing or checking 'No' or 'Not Applicable' under all of the relevant questions" regarding prior suits warrants a finding of affirmative misrepresentation and dismissal for an abuse of the judicial process).

This action should be dismissed without prejudice based on Plaintiff's abuse of the judicial process. See Schmidt v. Navarro, 576 F. App'x 897, 898 (11th Cir. 2014) (approving dismissal without prejudice for abuse of judicial process). However, as it appears that the applicable statute of limitations has expired on Plaintiff's claim, he should be allowed an opportunity to amend before judgment is entered. See McFarlin v. Douglas Cty., 587 F. App'x 593, 595-96 (11th Cir. 2014) (finding that district court did not abuse its discretion in dismissing without prejudice claims for which the relevant statute of limitations had expired when the dismissal allowed the plaintiff a limited amount of time in which to file an amendment that would relate back to the initial complaint); McFarlin v. Douglas Cty., No. 1:13-cv-2002-TWT (N.D. Ga. Jan. 6, 2015).

5

Accordingly,

**IT IS RECOMMENDED** (1) that the Court **DISMISS** this action without prejudice for abuse of the judicial process; (2) that the Court give Plaintiff seven days from the entry date of the dismissal in which to amend his complaint by properly advising the Court of the prior actions that he has filed and in which to fully and immediately pay the filing and administrative fees that are due and owing, $328.00;[7] and (3) that, if Plaintiff complies, the matter be **RESUBMITTED** to the undersigned and, if Plaintiff fails to comply, the Court **DISMISS** this action with prejudice, **DENY** Defendant's motion for summary judgment [33] as moot, and **DIRECT** the Clerk of Court to enter judgment and withdraw the referral to the undersigned Magistrate Judge.

---

[7]Absent *in forma pauperis* status, Plaintiff owes the $350.00 filing fee and $50.00 administrative fee, less the $72.00 paid by Plaintiff. (See Docket Entries for 4/11/2016, 4/19/1016).

6

**IT IS SO RECOMMENDED**, this 11th day of December, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

7